SAMUEL B. BARKER, for use, etc.

*v.*

· LASOW L. BARTH.

*Opinion filed October 24, 1901.*

1. BILLS AND NOTES—*right of maker of an assigned note to set off demands against payee.* A note in the hands of a bank as collateral security, without endorsement or an agreement to endorse, and marked "non-negotiable," is a simple chose in action held by assignment, and the maker may set off existing or after-acquired demands against the payee, obtained before notice of the assignment to the bank.

2. SAME—*assignee of unendorsed note should give notice to the maker.* A bank taking a note, marked "non-negotiable," as collateral security without endorsement or any agreement to endorse, must give notice to the maker in order to protect itself against payment or after-acquired cross-demands obtained by maker against payee.

3. SAME—*right of maker of a note to set off note against payee obtained for less than its value.* If the maker of a note transferred by the payee to a bank as collateral security without endorsement or any agreement to endorse, purchases in good faith a negotiable note against the payee before its maturity and without notice of the bank's equities, he is entitled to set off the full value of the note so purchased, although he gave less than its face value therefor.

4. TRIAL—*when plaintiff's motion to dismiss is properly denied.* A motion by the plaintiff in a suit on a note to dismiss the suit on account of the pendency of a chancery proceeding to sell the shares

of stock assigned as collateral to the note, is properly denied where the defendant has filed a plea of set-off.

5. APPEALS AND ERRORS—*when an error in sustaining demurrer is harmless*. Error in sustaining a demurrer to a replication to a plea of set-off is harmless, where the issue raised by the replication is otherwise presented and the plaintiff given the benefit thereof.

*Barker* v. *Barth*, 88 Ill. App. 23, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

This suit was brought up on writ of error from this court to the Appellate Court, which affirmed a judgment in the lower court in favor of Barth, the defendant in error, against Barker, the plaintiff in error, in an action of assumpsit for use of the Union National Bank of Chicago.

As early as May 29, 1893, Barker delivered a note without endorsement, and fifty shares of stock in the Edward Hines Lumber Company, among other endorsed notes, to the bank as collateral security for loans from the bank to Barker in excess of the note not endorsed. The note declared on, and the contract given with it at the same time, are as follows:

"$5000.          .          CHICAGO, *May 1, 1892.*

"On or before May 1, 1895, after date I promise to pay to the order of S. B. Barker five thousand dollars, payable at his office in Chicago. Value received, with interest at seven per cent per annum until paid.          L. L. BARTH." .

Written across the face of the note, in red ink: "This note is non-negotiable."

In the contract, among other things, Samuel B. Barker agrees to sell to L. L. Barth one hundred shares of stock of a corporation to be organized, for $10,000, and Barth agrees to purchase the stock at its par value, paid for with $5000 in cash and his non-negotiable note for $5000, and to deposit fifty shares of the stock with Samuel B. Barker as collateral security.

The note offered as set-off was obtained of McElwee & Carney, who endorsed it without recourse to L. L. Barth. It was given, with others, as payment for a bill of lumber bought of Perley Lowe & Co., of which McElwee & Carney were partners for the special transaction. It is as follows:

"$4573.94.                                    *March 16, 1893.*

"June 16, 1893, after date we promise to pay to the order of McElwee & Carney forty-five hundred seventy-three 94/100 dollars, at the Union National Bank, Chicago, Illinois, with .... per cent interest after due, with attorney's fees and cost of collecting. Value received.          S. B. BARKER & Co."

The lumber for which this note was given was not all delivered. Some time after Barker had failed he asked that he be given credit for the shortage of the lumber on his general account with them, which was done. Barker failed May 29, 1893. Barth, who was then absent from Chicago, learned of it through the newspapers the following day, and on June 5 or 6, 1893, purchased the note used as set-off, paying therefor $750. Two hundred and fifty dollars was paid down and $500 within ten days afterwards. Carney testified that the note was transferred between June 1 and 6, 1893. On May 4, 1895, Barth received the following notice:

"UNION NATIONAL BANK,                           }
NORTH-EAST CORNER LASALLE AND ADAMS ST., CHICAGO. }

"*Mr. L. L. Barth*—Your note, order of S. B. Barker, for $5000, and interest, three years three days, seven per cent, $1052.92, total $6052.92, matures at this bank May 1 to 4, 1895.
                                   AUGUST BLUME, *Cashier.*
Certified check or currency required."

Barth testified that he received this notice some time after the 4th of May, 1895, and it was the first notice he had that the bank held the note, and that the last knowledge he had of the note prior to that, it was in the hands of Barker in his office, on March 25, 1893.

It was admitted that if Mr. Odell were there he would swear as follows concerning the note of Barth to Barker:

That this note was taken by Mr. Odell, as president of the Union National Bank, with other paper, the other paper being endorsed but this note not endorsed; that Mr. Odell did not notice it was not endorsed, and there was no agreement that it should not be endorsed and no agreement that it should be; that at the time Mr. Odell took the note sued on by the plaintiff, Mr. Odell, acting for the bank, took this note in question with a certificate for fifty shares of the capital stock of the Edward Hines Lumber Company, which certificate was collateral to this note in question, and that Mr. Odell, for this bank, took the note in question, with that certificate of stock, as collateral security for indebtedness then existing from Barker to the bank; that the indebtedness then existing exceeded in amount the amount of this note; that from as early as May 29, 1893, the note in question has been continuously in the possession of the bank or its attorneys; that the bank's attorneys had seen Barker repeatedly at different times since the filing of the special plea and after they knew this note was not endorsed, and that they had talks with him.

The court found for the plaintiff and assessed the plaintiff's damages at $6750, and found upon the plea of set-off that the plaintiff was indebted to the defendant $5457. The difference between the two amounts, $1293, due the plaintiff, the defendant tendered in open court, which the plaintiff accepted, whereupon the court entered judgment for the plaintiff for costs. The declaration was as follows:

"On May 1, 1892, * * * said defendant executed his promissory note of that date, and delivered the same to said plaintiff, Samuel B. Barker, in and by which said note said defendant, by the name and style of L. L. Barth, promised to pay to the said Samuel B. Barker, by the name and style of S. B. Barker, the sum of five thousand dollars ($5000) on or before May 1, 1895, at the office of said plaintiff in Chicago, for value received, with interest

at the rate of seven per cent per annum, until paid; and thereupon said plaintiff, Samuel B. Barker, on the day aforesaid and after the execution and delivery to him of said note, assigned, transferred and delivered the same to said Union National Bank of Chicago for value received, by means whereof * * * said defendant * * * became liable to pay to said plaintiff the sum of money in the said note mentioned," etc.

To the declaration the defendant filed a plea of general issue, with affidavit of merits to the whole of plaintiff's demand. By leave of the court the defendant filed an additional plea, in which it is averred that as to $5100 of the plaintiff's claim defendant says that Barker, "before and at the time of the commencement of the suit, was and is indebted to him in the sum of $5100 upon Barker's note dated March 16, 1893, payable to the order of McElwee & Carney, for $4573.94, payable June 16, 1893, endorsed by McElwee & Carney and delivered to the defendant for value before the beginning of this suit; that this note is due and unpaid, and defendant is entitled to recover from Barker $5100 thereon, which he offers to set off against the plaintiff's damages." A copy of the note was filed therewith.

The plaintiff filed replication to said plea as follows: "(1) That the defendant obtained the note described in his plea from McElwee & Carney after he had notice that his note described in the declaration, and on which suit was brought, had been assigned by Barker to the Union National Bank for value; (2) that the defendant obtained the note of Barker from McElwee & Carney after its maturity, and after his note, on which this suit was brought, had been assigned by Barker to the Union National Bank for value." The court below sustained the defendant's demurrer to these two replications.

By leave of court the plaintiff filed an additional count to its *narr*. After setting out the making and delivery of the $5000 note by Barth to Barker on May 1, 1892, it

avers: "And thereupon said plaintiff, Samuel B. Barker, to whom, etc., afterwards and before the payment of the said sum of money mentioned in said note, or any part thereof, and also before the time limited and appointed by the said note for the payment thereof, to-wit, on May 1, 1892, assigned, transferred and delivered the same to the Union National Bank of Chicago for value received, of which assignment, so made as aforesaid, said defendant afterwards, to-wit, on the same day and year and at the place aforesaid, had notice," etc. The defendant obtained a rule on plaintiff to file a copy of the instrument sued on in the additional count. The record discloses that "statement filed by plaintiff November 30, 1896, that a copy of the instrument referred to in the additional count is annexed to the original declaration."

An order was entered in said cause that the plea of general issue stand to the additional count, and leave was given to the defendant to file additional pleas instanter. The defendant filed three additional pleas, to the first of which a demurrer was sustained. The second plea sets up that the note of Barker was endorsed and delivered by McElwee & Carney to the defendant for value, before maturity, and before he had any notice or knowledge of the assignment to the Union National Bank of the note sued on, and alleges that there is $5300 due on the note, and offers to set off that amount. The third plea sets up that the set-off is on the same note, and that the said note was endorsed and delivered by McElwee & Carney to the defendant on its date and before maturity, and also before the alleged assignment to the Union National Bank of the note described in the declaration, and before defendant had any notice of that assignment.

To the second and third pleas the plaintiff filed five replications, in substance as follows: (1) That before the defendant had received the note offered as set-off, the Union National Bank had taken from S. B. Barker, by due assignment and for valuable consideration, the note

on which this action was brought; (2) that the note tendered as set-off was one of five notes given for a bill of lumber of which a sufficient amount was never delivered, and said note was not assigned until after the 16th day of June, 1893, and not until after the other four notes had been assigned and delivered to one certain Edward P. Hines, so that the consideration upon which the note was given has failed to the extent of $1693.57, etc.; (3) that the note tendered as set-off was one of five notes given for a bill of lumber of which a sufficient amount was never delivered, and said note was assigned to defendant without the payment of any consideration therefor, so that the consideration upon which the note was given has failed to the extent of $1693.57, etc.; (4) that the note tendered as set-off was one of five notes given for a bill of lumber of which a sufficient amount was never delivered, and said note was assigned to the defendant without payment of any consideration therefor, and not until after the other four notes above mentioned had been assigned and delivered to a certain·Edward P. Hines, so that the consideration upon which the note was given has failed to the extent of $1693.57, etc.; (5) that the note tendered as set-off was one of five notes given for a bill of lumber of which a sufficient amount was never delivered, and said note was not assigned to the defendant until after the 16th day of June, 1893, so that the consideration upon which the note was given has failed to the extent of $1693.57, etc.

The defendant was given leave to file an additional plea instanter, which plea made a tender to the plaintiff of $1293, which plaintiff refused to accept. The defendant then filed three rejoinders to said replication, the first of which was, that the defendant received the note described in the plea of set-off without notice of the assignment by Barker to the Union National Bank of the note described in the declaration. The second, that the note described in the pleas of set-off was endorsed and deliv-

ered by McElwee & Carney to the defendant on the day of its date, for value, and without notice to the defendant of any of the matters set up in the replications. The third of which was, that the purchase price of the lumber for which the notes were given, and which was not delivered, was, prior to the assignment of the note to the Union National Bank, by agreement between Barker and ·McElwee, applied upon an account owing by Barker to McElwee & Carney, other than on the notes mentioned in the replications, and that the consideration for none of the notes failed. The plaintiff filed rebutters to the defendant's rejoinders; that as to the plea of tender the plaintiff did not refuse to accept the tender, but did ac-·cept it and credited the amount paid on the causes of action, and to that extent they are satisfied, and filed a *similiter* to the other rejoinders.

TENNEY, McCONNELL, COFFEEN & HARDING, for plaintiff in error:

Barth having obtained the Barker note while the bank held his note, and with knowledge of its rights, as admitted by the pleadings to the first count, cannot use the Barker note as a set-off to the prejudice of the bank. *Chicago Title and Trust Co.* v. *Smith*, 159 Ill. 417.

The title of the bank to the Barth note, even if, owing to the omission of the endorsement, only an equitable one, is such a title as a court of law will enforce and protect. And it being admitted that the amount of the note is justly due, Barth cannot, as against the bank, discharge his debt with a note of Barker's, purchased for that purpose after the bank's rights had attached. *Prins* v. *Lumber Co.* 20 Ill. App. 236; *Avery* v. *Swords*, 28 id. 202; 1 Parsons on Notes and Bills, 278, 279; 2 id. 45; *Chickering* v. *Raymond*, 15 Ill. 362; *Mobley* v. *Ryan*, 14 id. 51; *Weber* v. *Rosenheim*, 37 Ill. App. 72; 2 Randolph on Com. Paper, sec. 792; *Bank* v. *Taylor*, 100 Mass. 18; *Boas* v. *Heffron*, 40 Ill. App. 652; *Baxter* v. *Little*, 6 Metc. 7; *Packer* v. *Roberts*,

140 Ill. 9; *Rothschild* v. *Bruscke,* 131 id. 265; *Engs* v. *Matson,* 11 Ill. App. 639.

Barth is not entitled to set off the Barker note for more than he paid for it, without allowing the amount for which the consideration of it failed. *Hodson* v. *Glass Co.* 156 Ill. 397; *Sturges* v. *Bank,* 49 id. 220; *Olds* v. *Cummings,* 31 id. 188.

MORAN, MAYER & MEYER, for defendant in error:

The replications to which a demurrer was sustained were bad, but, even if good, the same issues were presented by other pleadings, so that the error, if any, was harmless. *Dunham* v. *Dunham,* 162 Ill. 589; *Mayer* v. *Lawrence,* 58 Ill. App. 194; *Warner* v. *Crane,* 20 Ill. 148.

The instrument sued on was a non-negotiable chose in action. *VanZandt* v. *Hopkins,* 151 Ill. 248; 1 Parsons on Bills and Notes, 517, 534, 536, 539, 542; *Prins* v. *Lumber Co.* 20 Ill. App. 236; *Weber* v. *Rosenheim,* 37 id. 72; *Kingsbury* v. *Wall,* 68 Ill. 311; *Bank* v. *Blanchard,* 7 Allen, 333; *Bank* v. *McCord,* 139 Pa. St. 52; *Hines* v. *Bank,* 69 Ill. App. 518; 177 Ill. 417.

The assignment of the note was not complete as to Barth until he was given notice thereof. 1 Am. & Eng. Ency. of Law, 840; 1 Daniel on Neg. Inst. sec. 742; *Morris* v. *Cheney,* 51 Ill. 451; *Himrod* v. *Baugh,* 85 id. 435; *Chapman* v. *Shattuck,* 3 Gilm. 49.

Barth is entitled to set off the full amount of the Barker note. 22 Am. & Eng. Ency. of Law, 284; *Smith* v. *Warner,* 16 Mich. 389.

Notice was necessary to cut off set-offs. *Burford* v. *Fergus,* 165 Pa. St. 310; *Hines* v. *Bank,* 69 Ill. App. 518; 177 Ill. 417; *Loomis* v. *Loomis,* 26 Vt. 198; *Rider* v. *Johnson,* 20 Pa. St. 190; *Express Co.* v. *Colby,* 7 Col. 300.

Mr. JUSTICE RICKS delivered the opinion of the court:

The main question in this case is, could Barth set off the note given by Barker to McElwee & Carney of $4573.94, bought by him for $750, against his note for

$5000, and interest, sued on by Barker for the use of the Union National Bank of Chicago, and if so, whether for the full amount or the amount paid for the note sought to be set off.

The bank received the Barth note from Barker as early as May 29, 1893, as a pledge for moneys previously obtained, without endorsement. This note was taken by Mr. Odell, president of the Union National Bank, with other paper, the other paper being endorsed. This note was not endorsed, and there was no agreement that it should not be endorsed and no express agreement that it should be. Barth bought the Barker note June 5 or 6, 1893, for $750. He had no notice of the bank having the Barth note until after May 4, 1895. The Barker note was dated March 16, 1893, due June 16, 1893. Suit was brought May 16, 1895. As the bank only took an equitable title to the Barth note, it was its duty to give notice to Barth to protect itself against payment or after-acquired cross-demands against Barker, and having failed in this, Barth was entitled to his set-off.

Plaintiff in error insists that defendant was not entitled to credit on account of the Barker note in excess of $750,—the amount paid by Barth for the note. The holder of a note regularly endorsed is presumed, in law, *prima facie* a holder for value, and this presumption continues until fraud is shown in the procurement of the signature or execution of the note. Then a purchase for value must be proven. Barth is shown to have given value for the note. There is no evidence showing the note was obtained from the maker by fraud, or that he had any defense to it had it been sued upon by the payees. It is true, a plea of partial failure of consideration was insisted upon; but the trial and Appellate Courts found adversely to the plaintiff as to that, and we must accept the finding. "Negotiable securities once put in circulation for value may be transferred for less than their face, but the maker and those claiming under him cannot limit

the right of a subsequent holder to a recovery of what he may have paid therefor." *Wade* v. *Chicago, Springfield and St. Louis Railroad Co.* 149 U. S. 327.

Barth purchased this note before maturity, for value and without notice of the equities of the plaintiff, and is entitled to the benefit of his bargain. The bank having taken the note by mere delivery, and without any agreement that it should be endorsed, it could have no equity superior to that of Barth until he had notice that the bank had and claimed to own the note.

This suit was brought May 16, 1895, and while pending, in June, 1896, a chancery suit was brought by the bank against Barth relative to the stock that was assigned as collateral to the note held by the bank, praying for a sale of the stock pledged to pay the note sued on here. Plaintiff then moved to dismiss this suit and urged the pendency of the chancery suit brought by the bank as ground therefor. A plea of set-off had been filed by defendant and the court properly overruled the motion to dismiss.

It is insisted by the plaintiff that this case should be reversed because the court sustained a demurrer to two replications to defendant's plea of set-off to the first count of the declaration. The declaration did not count upon an endorsed note within the statute, but upon an assigned note or chose in action, as at common law. The language used is, "assigned, transferred and delivered the same to said Union National Bank." If the note had been endorsed the declaration would have so alleged, and the suit would have run in the name of the bank, as plaintiff. Upon the face of the declaration, then, this note was subject to equities and defenses between the original parties existing at the time of the assignment, or arising after the assignment and before Barth had notice of the assignment. Barth pleaded as set-off the note of Barker obtained by him by endorsement for value before the bringing of the suit. Plaintiff replied, first, that defend-

ant obtained the note described in his plea after he had notice that his note had been assigned by Barker to the bank for value; second, that defendant obtained the note described in his plea after maturity and after the Barth note had been assigned to the bank for value. The first replication above was good, and the demurrer should have been overruled. The demurrer was properly sustained to the second replication. The Barker note was negotiable by endorsement, and the allegation that it was due would only let in defenses existing against it in favor of Barker, the maker, at the time of the endorsement. Such allegation would not let in defenses in favor of the mere holder by assignment, whether obtained before or after the endorsement, unless Barth had notice.

If this suit had been brought by Barker alone, for his own benefit, no one can question but that Barth would have had the right to set off Barker's note set up in the plea. Being sued by Barker, for the use of the bank, did not deprive Barth of his right of set-off, unless Barth had notice at the time he took the note of the bank's equities. The second replication did not allege notice, and was bad.

The Barker note in the hands of the bank without endorsement or any agreement to endorse, was no more than a simple chose in action held by assignment, and the debtor, in such case, can set off existing or after-acquired demands against the payee obtained before notice. "And this appears to be the true distinction between the endorsement of a note over-due and the assignment of a chose in action. In the latter case, notice of the assignment must be given by the assignee to the debtor to prevent him from making payment to the assignor. * * * The assignee takes an equitable interest, only, which must be enforced in the name of the assignor, and until notice he has no equity against the debtor which can be recognized and protected by a court of law or equity. The endorsee of a note over-due takes a legal title, but he takes it with notice on its face that it is

discredited, and therefore subject to all payments and off-sets in the nature of payments." (*Baxter* v. *Little,* 7 Metc. 7; 39 Am. Dec. 707.) Neither payment nor anything in the nature of payment was being insisted upon by these replications, but an equity arising out of another note in a third party whose duty it was to give notice.

The question still remains, should the case be reversed for the error in sustaining the demurrer to the first replication to the plea of set-off above discussed? Courts of appeal do not reverse cases that have been tried upon their merits simply for the correction of pleadings. Unless the plaintiff has been prejudiced in his defense against the plea of set-off by the ruling of the court in this respect the judgment should not for that reason be disturbed. The court will look into the pleadings and evidence to determine such matters. There is no claim that any other note than the one described in the second count was held by the bank or sought to be collected in this suit. It will be observed that in the second count of the *narr.*, after averring the assignment and delivery of the Barth note by Barker to the bank on May 1, 1892, the further allegation, "of which assignment so made as aforesaid said defendant * * * on the same day and year had notice," is contained. Defendant replied that he obtained the Barker note by endorsement from McElwee & Carney, for value, before maturity and before he had any notice or knowledge that the note sued on was assigned to the Union National Bank. Thus the only proper issue tendered by the replication to which the demurrer was sustained was presented and the plaintiff given the benefit on the trial.

We have carefully examined the refused instructions and find no error in their refusal.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*