## William O'Neil v. The People, etc.

1. CONTEMPTS—*classification of.*  Contempts are either direct, such as are offered to the court while sitting as such, and in its presence; or constructive, but tending by their operation to obstruct, embarrass or prevent the due administration of justice.

2. CONTEMPTS—*power of court to punish.*  The power of court to punish for contempt is inherent, but is subject to the limitations imposed by constitution and statute.

3. CONTEMPTS—*power of court to punish.*  A court has power to punish an act which is a contempt, notwithstanding such act may, likewise, constitute a statutory crime, and notwithstanding, further, the respondent may be indicted for the same offense.

4. CONTEMPT—*when proceedings in, are not in violation of state constitution.* It is not in violation of section 10 of article 2 of the state constitution to enter a rule upon a respondent to answer to a criminal contempt, nor is a conviction for such a contempt, based upon affidavits, a deprivation of the constitutional privilege of respondent to meet his witnesses face to face.

5. JURY TRIAL—*right to, in prosecution for criminal contempt.* A respondent who is under prosecution for a criminal contempt in soliciting a bribe, while serving as a juror, is not entitled to a trial by jury.

6. JURISDICTION—*when question of, cannot be raised in contempt proceeding.* Where the respondent voluntarily appears in open court in response to a rule to show cause, he thereby gives the court full jurisdiction over his person, and cannot for the first time upon appeal question a judgment against him.

7. INFORMATION—*when objection to, for duplicity, cannot be raised.* An objection charging an information with duplicity cannot be raised for the first time upon appeal.

Proceeding for contempt. Error to the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed March 16, 1904.

A. J. BARR, D. D. DONAHUE and MARTIN BRENNAN, for plaintiff in error.

H. J. HAMLIN, Attorney General, for defendant in error; R. L. FLEMING, State's Attorney, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The plaintiff in error was found guilty of a contempt of court by the Circuit Court of McLean county. The contempt charged was that of attempting to obstruct the administration of justice by soliciting a bribe while acting as juror.

The proceedings against the defendant were instituted on October 2 by an attachment issued by the court, but which was not based on any affidavit or other information. The defendant was arrested by the sheriff, brought before the court, and the writ returned by the sheriff on the said October 2 and filed by him with the clerk. A rule was then entered against the defendant to show cause why he should not be adjudged in contempt of court. The court heard

O'Neil v. The People.

some evidence, fixed the defendant's bail at $200, and continued the cause until October 10. The defendant furnished the bail required and was released. On October 10 the state's attorney filed an information, supported by affidavits, against the plaintiff in error, together with interrogatories for him to answer, and asked the court to enter a rule against him to show cause why he should not be attached for contempt of court. The rule was thereupon entered and his bond fixed at the sum of $200 for his appearance on October 12, to which time the proceedings were continued. The defendant gave no bond to appear on that day and was not again taken into custody. On October 12 the defendant appeared in open court and moved the court to quash the information and to strike the interrogatories from the files and for leave to file a plea of a former conviction or jeopardy, but the court denied both motions. The defendant failed to answer the interrogatories as was required by rule. Whereupon the court adjudged him to be guilty of a contempt of the court in an attempt to obstruct the cause of justice and ordered him committed to the county jail for a period of sixty days, and that he pay a fine of $100, and all costs of the proceeding. The defendant then sued out this writ of error.

The information, which is fully supported by the affidavits filed therewith of John F. Wight and Spencer Ewing, reputable members of the bar of McLean county, charges that on the 30th day of September, 1903, there was pending in the said court a certain cause for hearing and determination of the court, wherein one Oscar E. Green was plaintiff, and one John E. Tjardes was defendant, and that on said day, the said William O'Neil was acting in the capacity of a juror duly sworn, examined and impaneled in said cause; that John F. Wight and Spencer Ewing were two of the attorneys representing the defendant aforesaid, in said cause; that the said William O'Neil wilfully, corruptly and of his own motion, while acting as such juror, on the thirtieth day of September did approach the said John F. Wight and offer and propose, in case the said John

F. Wight would pay him a sum of money, to use his influ-
ence as such juror to procure a verdict for the defendant
in said cause; that on the first day of October, 1903, and
while said cause was still pending, the said William O'Neil
did again so approach the said John F. Wight and also the
said Spencer Ewing and to each of them did propose to use
his influence as such juror in behalf of said defendant in
said cause, in consideration of the payment of a sum of
money to him, the said William O'Neil. The affidavits of
Ewing and Wight disclose that the alleged solicitations
referred to, were not made during a session of court nor
within the precincts of the court room or court house.

Contempts are either direct, such as are offered to the
court while sitting as such, and in its presence, or construct-
ive, but tending by their operation to obstruct, embarrass
or prevent the due administration of justice. Stuart v.
People, 3 Scam. 395. "Courts have an undoubted power
to punish direct and criminal contempts, and this power to
punish direct or criminal contempts also necessarily includes
the power to punish indirect, consequential or constructive
contempts—such acts as are calculated to impede, embarrass
or obstruct the court in the administration of justice."
Church on Habeas Corpus, sec. 307. There is no statute in
force in this state authorizing courts to punish offenders for
contempt, except in the enforcement of decrees in chancery
and the punishment of certain specified offenses, such as
the failure of officers to make service and return of writs,
etc. Our courts, however, possess certain powers, subject
to modifications that may have been imposed by the con-
stitution and statutes, among which is that of punishment
for contempt. Wilson v. People, 79 Ill. 45.

The contempt charged in the case at bar, being construct-
ive, the proceedings to punish same, must, in the absence
of any statute governing the same, be that followed at com-
mon law. Of the mode of procedure at common law, in
cases of constructive contempt, Blackstone says: * * *
"If the judges upon affidavit see sufficient ground to sus-
pect that a contempt has been committed, they either make

O'Neil v. The People.

a rule on the suspected party to show cause why an attachment should not issue against him, or, in very flagrant instances of contempt, the attachment issues in the first instance, as it also does if no sufficient cause be shown to discharge; and thereupon the court confirms and makes absolute, the original rule. The process of attachment is merely intended to bring the party into court; and, when there, he must either stand committed, or put to bail, in order to answer upon oath to such interrogatories as shall be administered to him, for the better information of the court with respect to the circumstances of the contempt. These interrogatories are in the nature of a charge or accusation, and must by the course of the court be exhibited within the first four days; and if any of the interrogatories is improper, the defendant may move the court to have it struck out. If the party can clear himself upon oath, he is discharged; but if perjured, may be prosecuted for the perjury." 4 Bl. Com. 287. Counsel for plaintiff in error contend that inasmuch as the action against him was based upon his alleged soliciting a bribe, the proceeding is in itself criminal; that the rule upon him to answer the interrogatories was in violation of section ten of article two of the constitution of Illinois, which provides that "no person shall be compelled in any criminal case to give evidence against himself," and that his conviction being based upon the affidavits filed, he was deprived of his constitutional right to meet the witnesses face to face.

Notwithstanding a contempt proceeding is criminal or *quasi* criminal in its character and nature in contradistinction to a remedial proceeding, (Oster v. People 192 Ill. 460; Puterbaugh v. Smith, 131 Ill. 202,) and may be properly docketed and carried as such, (Lester v. People, 150 Ill. 408,) we do not regard it as a criminal case or proceeding within the meaning of the section of the constitution cited. While the acts set out in the information and affidavits would of themselves constitute a specific crime under the statute, (Rev. Stat. 1901, 589,) the offense charged in the information is not the soliciting of a bribe, but the more comprehen-

sive offense—that of contempt of court by the commission
of acts manifestly calculated and directly tending to im-
pede, embarrass and obstruct the administration of justice.
We think the offense may be properly and fairly treated as
gross misconduct on the part of one who was at the time
an officer of the court and a part thereof, and against which
a court has the undoubted inherent right to protect and de-
fend itself.  The power is a necessary attribute of judicial
powers, and essential to the existence and protection of
courts in the administration of justice.  Story v. People,
*supra.*  No doctrine is more firmly established in the law
than the one that the power to punish contempt summa-
rily, is incident to courts of record.  Cooley's Const. Lim.
389.  And it has been held that it is not susceptible of
abridgment even by legislative enactment.  State v. Shep-
hard, 76 S. W. (Mo.) 79; State v. Morrill, 16 Ark. 384;
Hale v. State, 55 Ohio St. 210; Hawes v. State, 46 Neb.
149.  The position of counsel is further untenable for the
reason that the record discloses that plaintiff in error was
not compelled to and did not give evidence for or against
himself; that he failed to answer the interrogatories pro-
pounded.  Nor was he punished, as claimed, for failing to
do so.  By the express terms of the order of court impos-
ing the punishment, he is found to be guilty of a contempt
of court, not in failing to answer the interrogatories, but
" of a contempt of court in an attempt to obstruct the
course of justice."  The rule entered against him was to
show cause why an attachment should not issue against
him for a contempt of court " in his improper conduct as a
juror " as asked in the information.  Plaintiff in error was
not charged with nor punished for a criminal offense or
crime nor was the proceeding a criminal case or prosecu-
tion, and the cases cited by counsel in support of their con-
tention are therefore inapplicable.  In Ex parte Gould, 99
Cal. 360, cited by counsel for plaintiff in error, the defend-
ant was imprisoned for contempt in refusing to be sworn
as a witness in a contempt proceeding against him and the
court held that it was not within the power of the trial court

to compel a defendant in a contempt proceeding to be a witness for or against himself.

In the cases of In re Nickell, 47 Kan. 734, and In re Haines, 51 Atl. 959, also cited, no complaint or information was filed as a basis for the proceedings and the defendants were therefore discharged. We do not understand that under the common law procedure, although a rule may be entered upon the defendant to answer the interrogatories, he can be punished for his failure to do so. The purpose of the interrogatories is to inform the court, whose duty it is to declare the law arising upon these facts, and to apprise the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it. Res. v. Lyme. Regis., 1 Doug. 149. If the specific contempt for which punishment was imposed against plaintiff in error had been his refusal to answer the interrogatories in response to the rule, a different question would be presented, which we do not deem it necessary to now consider or decide.

The contention that inasmuch as the specific act charged— soliciting a bribe—constituted a crime under the statute, plaintiff in error can only be held responsible and punished therefor after indictment and trial by jury, is equally untenable. If the act complained of is a contempt of court, the fact that it may be declared to be a crime by statute does not make it any less a contempt of court, nor does it change the character or nature of the offense, or deprive the court of its inherent right to protect itself by imposing proper punishment therefor. The court undoubtedly has power to punish for contempt any attempt to corrupt or unlawfully influence jurors in a case pending before the court, notwithstanding the guilty party may likewise be indicted for the same offense. This power is necessary to enable the court to administer justice. Gandy v. State, 13 Neb. 445; Telegram Co. v. Commonwealth, 172 Mass. 159. As the proceeding is solely to protect public justice from obstruction, the accused is not entitled to trial by jury. Rapalje on Cont., sec. 112, and cases there cited.

It is further insisted that the court having failed to order an attachment against the defendant in the second proceedings, it acquired no jurisdiction over him, and that if the attachment issued on October 2 was relied upon to bring the defendant into legal custody, then the court lost jurisdiction of the defendant inasmuch as he was entitled under the common law to be discharged unless interrogatories were filed within four days after the proceedings were begun against him. The record discloses that the information and interrogatories were filed at the same time on October 10. If the proceedings prior to that time were void by reason of there being no information on file, which we are not prepared to hold, a motion should have been made to discharge the defendant at that time. No such motion was made, but leave was taken on the part of the state to file information and interrogatories, which was allowed without objection. A rule was then entered on defendant to show cause, etc., by October 12, and the cause and recognizance were continued. On that day the defendant appeared voluntarily, and thereby gave the court full jurisdiction over his person.

Counsel for plaintiff in error further contend that the information is bad by reason of its alleged duplicity. We deem it a sufficient answer to this objection to say that no such objection was raised in the trial court, and cannot be raised here for that reason. But if it had been raised below it is not well taken. The acts were cumulative and to a common single purpose—that of procuring a bribe for his services as a juror. Proof of the one simply tends to show the intent of the other.

After a thorough and careful consideration of the questions of law involved in the case, we are satisfied that the judgment of the Circuit Court should be affirmed.

*Affirmed.*

REPORTERS' NOTE. A full collection of notes upon the law of contempts, both civil and criminal, is contained in our several supplements to Starr & Curtis's Annotated Illinois Statutes. (See ¶ 55, pp. 398, 399, Supplement of 1902, and ¶ 18, p. 164, Supplement of 1903.)