## The People, ex rel. James M. Sims, Appellee, v. Isaac N. Coolley, Treasurer, Appellant.

CITIES, VILLAGES AND TOWNS—*when anticipation warrants authorized; when not.* Since July 1, 1901, orders cannot be issued in anticipation of a tax to meet or pay miscellaneous items of indebtedness owing by a county, but when the board of a county shall have determined that it has insufficient money on hand to defray necessary expenses of the county, it then becomes the duty of the county board to provide a fund for that purpose by issuing orders which draw interest after thirty days from their issuance in anticipation of taxes levied.

*Mandamus.* Appeal from the Circuit Court of Edgar county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1908. Reversed. Opinion filed November 17, 1908.

W. H. CLINTON and J. E. DYAS, for appellant.

H. S. TANNER and J. K. LANHER, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

James M. Sims filed a petition for mandamus in the Circuit Court of Edgar county against Isaac N. Coolley, to compel Coolley as treasurer of said county to countersign a warrant issued to Sims by the county clerk, for the sum of $308.60. There was a judgment in favor of Sims upon his petition and against Coolley and Coolley appealed.

At a regular meeting of the county board of said county, held in September, 1907, said board allowed Sims for service, as keeper of the poor farm, the sum of $308.60 and thereupon the county clerk issued to Sims an order in anticipation of the taxes levied for the year, 1907, in the words and figures, to wit:

"EDGAR COUNTY BOARD OF SUPERVISORS.

"To be paid from taxes of 1907, when collected.

"Treasurer of said county, September term, 1907, pay to J. M. Sims or order three hundred eight 60-100

dollars for Poor Farm, out of money in treasury not otherwise appropriated.

Countersigned:          HARRY MOSS, County Clerk.''

This order was presented to Coolley, as county treasurer, who refused to countersign it. At the same session that the Board of Supervisors allowed the bill of Sims for his services it adopted a resolution instructing the county clerk ''to issue orders payable out of the taxes levied for the year 1907, when such taxes had been collected, such claims, when allowed, not to exceed 75% of the levy.''

Section 2 of chapter 146 A of the Revised Statutes in force July 1, 1901, which authorizes the issuing of orders in anticipation of a tax in substance provides: that whenever there is not sufficient money in the treasury of the county * * * to meet and defray the ordinary and necessary expenses thereof, it shall be lawful for the proper authorities of the county to provide a fund to meet said expenses by issuing and disposing of warrants drawn against and in anticipation of any taxes already levied by said authorities, for the payment of the ordinary and necessary expenses of such county, to the extent of 75% of the total amount of any such tax levied, etc. Section 3 of the same chapter provides that such orders shall, unless paid within thirty days from their issuance, bear interest at five per cent. until paid.

The order involved, payable out of the taxes of 1907, was unauthorized. The action of the Board in adopting the resolution, contemplated the drawing of orders by the clerk, in anticipation of the tax of 1907, in payment of claims as they should be allowed. Such action directing payment of miscellaneous claims as they should be allowed would seem to have been taken under the law as it stood prior to July 1, 1901, which authorized such warrants in payment of ordinary and necessary expenses of the county, but was not what is contemplated by such sections 3 and 4 as revised in the law of 1901. Those sections seem clearly to con-

template the providing of a fund by issuing orders in anticipation of a tax against which fund orders may be drawn to meet and defray the ordinary and necessary expenses of the county. In other words, orders cannot be issued in anticipation of a tax to meet or pay miscellaneous items of indebtedness owing by the county, but when the board shall have determined that it has insufficient money on hand to defray necessary expenses of the county, it then becomes the duty of the county board to provide a fund for that purpose by issuing orders, which draw interest after thirty days from their issuance, in anticipation of taxes levied.

As the order, as drawn, was void, the judgment of the lower court is reversed, but the cause is not remanded.

*Reversed.*