Merrick, P. J.
This is a G.L.c. 90, §34M action by the plaintiff-medical provider to recover Personal Injury Protection (“PIP”) benefits for treatment provided to the defendant’s insured. Summary judgment was entered for the defendant-insurer, and the plaintiff filed this Dist./Mun. Cts. RAD.A, Rule 8C, appeal.
From January through May of 1995, plaintiff Lee S. Knight D.C. (“Knight”) provided chiropractic services to Sokhoeum Sim (“Sim”), who was injured in an automobile accident while a passenger in a vehicle insured by defendant Middlesex Insurance Company (“Middlesex”). Sim was thus an insured under the auto policy’s PIP coverage. Knight submitted bills totaling $3,055.75 to Middlesex to recover PIP benefits for the treatment he provided. With each submission of charges, Knight included a form signed by Sim which was entitled: “Authorization, Release, Statement of Accurate Information, Financial Policy and Consent to Treatment” (the “Authorization”). That document stated, in pertinent part
1. INSURANCE: I hereby authorize this office to furnish information regarding my present illness or injury and direct the insurer to pay without equivocation directly to the office of Dr. Lee S. Knight/Knight Chiropractic and all (sic) benefits due them as a result of this claim. I am also aware that I am personally responsible for any charges and/or balance not covered by my insurance.
In August, 1995, Middlesex paid just over $2,000.00 of Knight’s charges,[1] and declined to pay the balance based on a medical record review which asserted that the charges in question were not for reasonable and necessary treatment In 1996, Sim brought an action against both the driver of the car and Middlesex to recover for personal injuries and for chiropractic expenses under the PIP coverage. That case was settled on December 22, 1999. In return for Sim’s written release of all claims, including the one for PIP benefits, Middlesex paid $3,997.88 to Sim. Knight commenced the present action against Middlesex to recover PIP payments for the balance of his treatment bills on August 28, 2000. Middlesex moved for summary judgment on the ground that Knight’s rights were no better than Sim’s, which had been released. In opposition to that motion, Knight relied on the Authorization signed by Sim. Knight argued that the Authorization was an assignment of Sim’s *202 rights against Middlesex for insurance benefits, that the assignment was known to Middlesex, and that because Sim’s rights had been assigned to Knight, the subsequent release of them was invalid.
1. There is no merit in the initial argument by Middlesex that Sim’s Authorization was not a proper assignment The pertinent language therein (“I hereby ... direct the insurer to pay without equivocation directly to the office of Dr. Lee S. Knight/Knight Chiropractic and all (sic) benefits due them as a result of this claim”) does not explicitly use the words “assign” or “assignment” However, “[t]he word ‘assign’ or ‘assignment need not be used to make an effective assignment ‘A valid assignment may be made by any words or acts which fairly indicate an intention to make the assignee owner of a claim.’” Boston v. Aetna Life Ins. Co., 399 Mass. 569, 572 (1987), quoting Cosmopolitan Trust Co. v. Leonard Watch Co., 249 Mass. 14, 19 (1924). With respect to the specific language of the assignment in Boston v. Aetna Life Ins. Co.,[2] the Supreme Judicial Court noted that “the significant word is ‘authorize,’ a word which usually suggests permission... or discretion ... not a command, direction, or order [citations omitted].” Id. at 572. In the present case, the language denoting an assignment is much stronger. Rather than merely “authorizing” payment, Sim’s assignment “directed] the insurer to pay without equivocation” to Knight all insurance benefits due to Sim. Moreover, die Court’s conclusion in Boston v. Aetna Life Ins. Co. that the authorization therein was a valid assignment turned on the last sentence, which is essentially the same as the last sentence of Sim’s Authorization. The Court stated:
The circumstances of the signing and delivery of the form indicate that, even though only the word ‘authorize’ is used, a reasonable patient would intend by the language of the form to transfer his or her claim against the insurance company to [the medical provider]. The patient wants to be removed from the collection process as soon and as fully as possible. The transfer of rights puts the claim in the hands of an experienced health care provider which is more likely to know and to protect the patients interests than the patient alone could. One should not focus too intently on dictionary definitions in determining what the patient intended by signing the form which [the provider] and the insurance industry imposed on the patient If the word ‘authorize’ might cause a reasonable person to wonder whether he had effectively abandoned the field of battle over coverage to his insurer and [the provider], the last sentence of the form would have dispelled any reasonable doubt The statement that the patient-insured is ‘financially responsible to the hospital for charges not covered by this authorization’ indicates that because of what the patient has signed, the hospital understands and the patient intends that the hospital must look to the insurer for payment of insurance benefits covered by the authorization.
Id. at 572-573.
2. Misinterpreting a decision of this Division, Middlesex also argues that “[p]ursuant to G.L.C. 90, §34M, either the provider of services or the insured may bring an action as an unpaid party to recover PIP benefits, but the insurer may discharge its statutory obligation by a payment to either.” Arbit Chiropractic v. Com *203 merce Ins. Co., 2001 Mass. App. Div. 208, 209, citing Ny v. Metropolitan Prop. & Cas. Ins. Co., 51 Mass. App. Ct. 471, 475-476 (2001). In neither Arfó, nor in Ny, did the insurer have notice that the party it paid, or from whom it obtained a release, had assigned its claim to the other. Sim’s release of his PIP claim in this case was meaningless because both he and Middlesex knew that his rights to that claim had been previously assigned to Knight “Therefore, his claim was not his to release. ...” Galena v. Commerce Ins. Co., 2001 Mass. App. Div. 222, 223.
The allowance of summary judgment for defendant Middlesex Insurance Company is vacated. This case is returned to the Ayer Division for trial.
So ordered.

 This payment to Knight of the first $2,000.00 in medical bills submitted for Sim’s treatment was mandated by G.L.c. 90, §34M. Thus the payment is not evidence that Middlesex did or did not act in accordance with Sim’s assignment to Knight

 The assignment stated: “AUTHORIZATION TO PAY INSURANCE BENEFITS. I hereby authorize payment directly to the above named hospital of the Group Hospital Benefits herein specified and otherwise payable to me but not to exceed the hospital’s regular charges for this period of hospitalization. I understand I am financially responsible to the hospital for charges not covered by this authorization” Id. at 572.