Coven, J.
This is a Dist./Mun. Cts. R. A. D. A, Rule 8A, appeal by the defendant of the allowance of the plaintiffs’ motion for summary judgment. “We may consider any ground supporting the judgment.” See Beal v. Selectmen of Hingham, 419 Mass. 535, 539 (1995).
The record before us indicates that the following is undisputed: Plaintiff John Gesualdi loaned defendant Avaro Nunes the sum of $10,000.00 on September 16, 1989 and an additional $10,000.00 on October 2,1989. On the latter date, Gesualdi, as president of plaintiff Plaza Motel, Inc., also loaned the defendant $60,000.00. The plaintiffs made demand for payment within a month after each loan, and the defendant failed to make full payment.
This action to recover the $80,000.00 in loans to the defendant was filed on May 13, 1999. The defendant was served on June 6, 1999. There is no merit to the defendant's contention that the action is barred by the Statute of Limitations, G.L.c. 260, §2. The reason is that the defendant waived the limitations defense he now seeks to raise as part of a settlement agreement reached with the plaintiffs. It is undisputed that in connection with a Superior Court judgment in excess of $336,000.00 obtained by the plaintiffs against the defendant, the plaintiffs agreed to compromise their recovery and accept $115,000.00, secured by a note and mortgage, as full satisfaction. The plaintiffs further waived their right to recover the balance of the judgment and the $80,000.00 in loans which are the subject of this suit. In return for the plaintiffs’ compromise, the defendant agreed to make a $65,000.00 payment toward the $115,000.00 settlement amount on April 1, 1998 and to pay the balance of $50,000.00 on April 1, 1999. The defendant further agreed that if payment was not made according to that schedule, the plaintiffs could proceed with an action to collect the full Superior Court judgment and an action to recover the $80,000.00 at issue herein. The defendant also agreed not to raise the statute of limitations as a defense if such recovery action (s) was initiated. If the defendant made full payment in accordance with the settlement agreement, the plaintiffs were to endorse the Superior Court execution as “satisfied in full” and release any claims or demands for payment of the $80,000.00.
It is undisputed that the defendant failed to make payment in accordance with the time provisions set forth in the settlement agreement.
Conceding that he did not make payment in compliance with the settlement agreement time schedule, the defendant now contends that he did make a payment of $70,000.00 on April 17,1998 and that the plaintiffs accepted the payment without issue. In his Mass. R. Civ. R, Rule 56, counteraffidavit, the defendant states that, after accepting this late payment, the plaintiffs continued to deal with him without “resorting to the penalty clause” and that he “was convinced that [they] had agreed or entered into *12 an understanding that [his] lateness in no way affected the terms of the agreement” While further acknowledging that he did not tender payment of the remaining balance until June 8,1999, the defendant avers that “[o]nce again [he] believed that [his] payment, albeit late, was accepted by the plaintiff and was accepted under the terms of [their] agreement and that by what they had both said and done regarding [his] payment that they had extended [his] time for performance.” The defendant added that had he not believed this, he would not have gone to the effort of raising the monies needed for the final payment, and certainly would not have actually tendered that payment if he did not believe that “this matter would be dismissed.”
The record contains correspondence between counsel for each side, dated May 4,1999, which indicates that while the plaintiffs were willing to discharge the mortgage if the balance was paid, they intended to pursue recovery of the $80,000.00. Correspondence of June 2nd and June 4th merely reference discharge of the mortgage and receipt of $115,000.00. There is nothing in the text of those letters which would have required the plaintiffs to mark the Superior Court execution as “satisfied in full” or to release any claim or demand for the $80,000.00 at issue herein.
“Summary judgment is appropriate where there is no genuine issue of material fact and, when viewing the evidence in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law.” Gray v. Giroux, 49 Mass. App. Ct. 436, 438 (2000).
The defendant’s arguments on this appeal constitute little more than a request that we simply infer, from nothing other than the defendant’s unilateral belief, that the plaintiffs waived the defendant’s breach of the settlement agreement. Expressions of personal belief, without more, are insufficient to defeat a motion for summary judgment. Madsen v. Erwin, 395 Mass. 715, 721 (1985). See White v. University of Massachusetts at Boston, 410 Mass. 553, 558 (1991) (plaintiff’s averments based on information and belief and opinion insufficient to survive summary judgment motion); Stetson v. Selectmen of Carlisle, 369 Mass. 755, 763 n.12 (1976) (statements of belief carry no weight in a summary judgment affidavit). Rule 56(e) of the Mass. R. Civ. R expressly requires that affidavits “be made on personal knowledge” and “set forth such facts as would be admissible in evidence.” Similarly, the bare assertion of possible inferences raises no genuine issue of material fact sufficient to avoid summary judgment. Federal Deposit Ins. Corp. v. Csongor, 391 Mass. 737, 742-743 (1984), citing Community Nat’l Bank v. Dawes, 369 Mass. 550, 559 (1976).
We accept as true the defendant’s assertions about his own belief that if he paid the remaining balance, albeit late, his obligations to the plaintiffs would be discharged. However, in the absence of the specific supporting facts required by Rule 56(e), the defendant’s personal belief is of little consequence. There is nothing in the record to suggest any affirmative act by the plaintiffs from which their waiver of the defendant’s 1999 default can be found. The absence of specific facts is striking given the defendant’s general reference in his affidavit to “what they had both said and done regarding [his late] payment.” Presumably, if there were statements and conduct by the plaintiffs amounting to a waiver, the defendant could have easily included them in his affidavit. He failed to do so.
There is, in short, nothing in the record which raises a genuine issue of material fact requiring a trial of this matter. The defendant borrowed money. There was a demand. The defendant failed to make payment. He reached a settlement agreement with the plaintiffs. He contractually waived the statute of limitations as a defense if he breached the settlement agreement. He breached it. Based on this undisputed evidence, the plaintiffs satisfied their burden of affirmatively demonstrating the absence of any triable issue and their entitlement as a matter of law to a judgment in their favor. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Summary judgment for the plaintiffs is affirmed. Appeal dismissed.
So ordered.