Coven, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal of the entry of summary judgment for the defendant-insurer[3] on the plaintiffs claims for (1) G.L.c. 90, §34M Personal Injury Protection (“PIP”) payments for the unpaid balance of allegedly necessary and reasonable charges for the chiropractic treatment of the defendant’s insured, and (2) G.L.c. 93A damages for the defendant’s alleged unfair insurance practices in failing to make full PIP payments in violation of G.L.c. 176D.[4]
1. The plaintiff contends that the motion judge erred by failing to apply the proper summary judgment standard[5] and in failing to make findings of fact in entering judgment for the defendant. Given this preliminary contention, we briefly review elementary summary judgment principles.
It is well-established that summary judgment may be granted only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P., Rule 56(c). LaLonde v. Eissner, 405 Mass. 207, 209 (1989); Unisys Fin. Corp. v. The Allan R. Hackel Org., 42 Mass. App. Ct. 275, 279-280 (1997). The burden is on the moving party to establish *104 both the absence of any triable issue and his entitlement to judgment in his favor. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). This affirmative burden may be met by the submission of pleadings, depositions, answers to interrogatories, admissions on file, affidavits or other competent documentary evidence which satisfies the requirements of Rule 56(e). Where, as in the instant case, the moving party would not bear the burden of proof at trial, he may satisfy his Rule 56 burden by submitting evidence which negates an essential element of the opposing party’s claim, or by demonstrating that “proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
If the moving party satisfies these prerequisites to summary judgment, the burden shifts to the opposing party to advance specific facts which establish the existence of a genuine and material triable issue. Dattoli v. Hale Hospital, 400 Mass. 175, 178 (1987); Madsen v. Erwin, 395 Mass. 715, 719 (1985). In doing so, the opposing party may not rest upon conclusory assertions or his unverified pleadings, Godbout v. Cousens, 396 Mass. 254, 263 (1985), upon “vague and general allegations of expected proof,” The First Nat’l Bank v. Bergreen, 11 Mass. App. Ct. 956, 958 (1981), upon expressions of mere personal opinion or belief, Gesualdi v. Nunes, 2003 Mass. App. Div. 11, 12, or upon the bare assertion of possible inferences which could be drawn in his favor. Federal Deposit Ins. Corp. v. Csongor, 391 Mass. 737, 742-743 (1984).
The court must view both parties’ evidentiary materials “in the light most favorable to the nonmoving party,” Gray v. Giroux, 49 Mass. App. Ct. 436, 438 (2000), and must resolve any doubt as to the existence of factual issues in his favor. Knight v. CNA Ins. Cos., 2002 Mass. App. Div. 3, 5. Contrary to the plaintiff’s contention, “[wjhen considering a motion for summary judgment, the judge should not consider the credibility of the witnesses or the weight of the evidence, nor should the judge make findings of fact.” Riley v. Presnell, 409 Mass. 239, 244 (1991). “[Fjindings of fact per se ... would be antithetical to summary judgment procedures.” T & S Wholesale, Inc. v. Kavlakian, 1998 Mass. App. Div. 99, 100 n.3.
2. Applying these principles in the instant case, we conclude that there was no error in the trial court’s allowance of the defendant’s motion for summary judgment.
The following facts appear undisputed. Defendant Sylvia Regalis (“Regalis”) was involved in an automobile accident on September 3, 1996. Her vehicle was insured under a standard Massachusetts automobile policy providing PIP benefits which was issued by defendant Commerce Insurance Company (“Commerce”). On October 8, 1996, Regalis began chiropractic treatment with the plaintiff, Pain & Injury Rehab, PC. On October 30, 1996, Regalis underwent an independent medical examination (“IME”) ordered by Commerce and conducted by Dr. William Donahue (“Donahue”), an orthopedic surgeon. Regalis continued her chiropractic treatment with the plaintiff until February 14, 1997. Commerce paid $2,915.00 in bills submitted by the plaintiff for its services. The plaintiff now claims in this action that there is an outstanding balance of $3,321.07 in fair and reasonable charges for necessary medical services rendered to Regalis for which Commerce has failed to provide PIP benefits in violation of G.L.c. 90, §34M and G.L.c. 176D.
In support of its motion for summary judgment, Commerce submitted the affidavit of Debra Pagonis (“Pagonis”), a Commerce claims adjuster, to which were attached the IME report and supplemental report of Dr. Donahue. The reports were signed under the pains and penalties of perjury and were thus *105 admissible in evidence.[6] Dr. Donahue opined that Regalis’ soft-tissue injury would probably “have resolved without any treatment whatsoever,” that there were no objective symptoms of any impairment and that Regalis was at a “medical end result” less than two months after the accident and had “been in that situation for a period of time.” Donahue also listed specific diagnostic tests and procedures performed by the plaintiff which Donahue concluded were “patently unnecessary,” “superfluous,” or unreasonable.[7]
Commerce also submitted a certified copy of an affidavit from Dr. Lajos Koncz (“Koncz”), a former principal and employee of plaintiff Pain & Injury Rehab, as well as a portion of a deposition of Koncz taken by Commerce.[8] Dr. Koncz stated that he had resigned his position with the plaintiff and had not performed any services at the plaintiff’s place of business since October 7, 1996. The date is significant because the plaintiff had submitted bills for services to Regalis on thirteen separate dates from October 8,1996, the day after Koncz’s resignation, through October 28,1996 which stated that the treatment had been provided by Dr. Koncz. Thus the Koncz affidavit and deposition testimony directly challenged the very legitimacy of the bills submitted by the plaintiff in this case.
3. Commerce’s Rule 56 materials were sufficient to shift the burden to the plaintiff to set forth specific facts demonstrating that there was a triable issue as to whether the bills for which it sought PIP payment were reasonable, necessary or even legitimate. The plaintiff submitted a “Certification of Medical/Chiropractic *106 Invoice(s)/Record(s)/Reports” purportedly pursuant to G.L.c. 233, §79G[9] which was signed under the pains and penalties of perjury by Paul Jondle (“Jondle”) as “Keeper of the Records.”[10] The Jondle Certification states that attached invoices, records and reports show treatment rendered to Silvia Regalis which was causally related to her automobile accident and medically necessary, and that the charges for the same were fair and reasonable. The fatal flaw in the Jondle Certification is that no invoices, records or reports were attached to it Section 79G “makes the bill itself evidence that the itemized services were necessary and the charges fair and reasonable.” Gompers v. Finnell, 35 Mass. App. Ct. 91, 94 (1993). The statute does not make the opinion of an agent or “keeper of the records” admissible on the issues dispositive of the plaintiffs claims herein. In the absence of §79G bills and reports, the Jondle Certification was devoid of probative value.
Accordingly, as the plaintiff failed to marshal any evidence demonstrating that Commerce was not entitled to judgment in its favor and that a trial on the merits was necessary, the trial court properly allowed Commerce’s motion for summary judgment.
Judgment affirmed.
So ordered.

 The defendant also successfully moved for the entry of a Mass. R. Civ. P., Rule 54(b), separate and final judgment in its favor.

 Section 3(9) of G.L.c. 176D does not create a right of action to enforce its provisions. Unlike G.L.c. 93A, §9, no independent right of action is set forth in G.L.c. 93A, §11 for a violation of G.L.c. 176D. See Polaroid Corp. v. Travelers Indemnity Co., 414 Mass. 747, 754 (1993). However, G.L.c. 93A, §11 creates a cause of action for acts made unlawful by G.L.c. 93A, §2. Section 2(a) of G.L.c. 93A declares unlawful “[ujnfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.” Section 3 of G.L.c. 176D outlines those insurance company methods of competition and acts or practices which are unfair and deceptive.

 In support of this argument, the plaintiff mistakenly relies in part on cases setting forth the standards for Mass. R. Civ. P., Rule 12(b)(6), motions to dismiss for failure to state an actionable claim and Mass. R. Civ. P., Rule 50, motions for a directed verdict.

 The copies of the reports were not “sworn or certified” copies as required by Rule 56(c). See Sanabia v. Travelers Ins. Co., 1999 Mass. App. Div. 46, 48. However, the plaintiff did not move to strike the report copies. The last paragraph of the plaintiff’s Rule 56 opposition asked the court to strilie the Pagonis affidavit as hearsay because the affidavit failed to state “when [Pagonis] became employed by the defendant... and whether or not [Pagonis] was even so employed at times relevant and... [her] allegations [were] not based upon actual or personal knowledge.” The trial court was justified in considering the IME report copies in the absence of a motion to strike them. Fowles v. Lingos, 30 Mass. App. Ct. 435, 439-440 (1991).

 These included duplicate sets of x-rays taken one day apart, a follow-up examination one day after Regalis’ initial exam, Current Perception Threshold (CPT) and Surface Electromyogram (SEMG) tests and digitized x-rays.

 The plaintiff attempted to strike the Koncz materials on the ground that Commerce’s counsel had violated Mass. R. Prof. C., Rule 4.2, in obtaining them. The plaintiff argued that because Koncz remained listed on the Articles of Incorporation as the president and treasurer of Pain & Injury, he is an employee of the plaintiff; Commerce’s attorney knew that Koncz was an employee; the attorney knew that the plaintiff was being represented by plaintiff’s attorney; Commerce did not seek permission from plaintiff’s attorney before deposing Koncz and, therefore, the court should have struck the materials as a sanction for the defendant’s violation of Rule 4.2.
The issue of whether ethical rules are violated when opposing counsel has ex-parte contact with a former employee was addressed by the Supreme Judicial Court in Clark v. Beverly Health & Rehab. Serv., 440 Mass. 270 (2003). The Court stated that Rule 4.2 applied only to current employees. Moreover, as is clear from Koncz’s deposition, that examination took place with the consent of Koncz’s private counsel. Comment [4] to Rule 4.2 makes clear that if counsel has the permission of an employee’s own attorney, contact with that employee is not prohibited despite the absence of any consent by counsel for the organization. There was no error in the trial court’s refusal to strike Koncz’s affidavit or deposition.

 Section 79G of G.L.c. 233, an exception to the rule against hearsay, provides in pertinent part: “In any proceeding commenced in any court... an itemized bill and reports ... relating to medical... services ... rendered to ... a person injured, or any report of any examination of said injured person... subscribed and sworn to under the penalties of perjury by the physician, dentist, authorized agent of a hospital or health maintenance organization rendering such services... shall be admissible as evidence of the fair and reasonable charge for such services or the necessity of such services or treatments, the diagnosis of said physician or dentist, the prognosis of such physician or dentist, the opinion of such physician or dentist as to proximate cause of the condition so diagnosed, the opinion of such physician or dentist as to disability or incapacity, if any proximately resulting from the condition so diagnosed....”

 While G.L.c. 233, §79G does not state that a “keeper of the records” is an “authorized agent” for the purpose of submitting medical bills and reports, we assume for the purposes of this review that the terms were intended by the plaintiff to be synonymous.