Curtin, J.
This is a G.L.c. 90, §34M action by a medical provider, chiropractor Randy Marks, DC (“Marks”), to recover personal injury protection (“PIP”) benefits for treatment he provided to Commerce Insurance Company’s (“Commerce”) insured, Marie Mathurin (“Mathurin”). Marks has appealed the entry of summary judgment in favor of Commerce.
The facts are not in dispute. Mathurin was injured in an automobile accident and filed a claim against the other driver, who was insured by Arnica Insurance (“Arnica”). Mathurin was treated by Marks for her injuries. On January 31, 2000, during the course of her treatment, Mathurin assigned to Marks her rights to PIP benefits from her insurer, Commerce, for the cost of the treatment. Commerce paid Marks for some of the medical bills he submitted, but not all of them; and this litigation was commenced.
Mathurin and Arnica arbitrated her personal injury claim against the other driver. On November 10, 2000, the arbitrator awarded Mathurin $10,363.88 in full satisfaction of her claim, which included the chiropractic services provided by Marks which are the subject of this action. Seizing upon the arbitration award, Commerce filed a motion for summary judgment on the ground that Marks was precluded from collecting because Mathurin had been fully compensated for her injuries as a result of the arbitration. The motion judge agreed and granted summary judgment for Commerce. This appeal followed.
It is clear that Mathurin assigned her rights to Marks before the arbitration hearing and award. The assignment to Marks signed by Mathurin is dated January 31, 2000. The arbitration took place on October 19, 2000, and the award was confirmed on November 10, 2000. It is also clear from Marks’ affidavit filed in *92 opposition to Commerce’s summary judgment motion that Marks never gave, his consent to Mathurin to arbitrate or litigate his claim for unpaid PIP benefits.
Mathurin, having previously assigned her rights to payment of the medical bills to Marks, did not have authority to release those rights by way of a subsequent arbitration. See Platt v. Plymouth Rock Assurance Corp., 2006 Mass. App. Div. (January 12, 2006); Knight v. Middlesex Ins. Co., 2002 Mass. App. Div. 201, 203. Commerce cannot reap the benefits of an arbitration to which Marks never consented and to which he was not a party. Moreover, Commerce was also not a party to the arbitration between Mathurin and Arnica, the other driver’s insurer. The allowance of Commerce’s motion for summary judgment was error.
Accordingly, summary judgment for Commerce Insurance Company is vacated, the allowance of Commerce’s Rule 56 motion is reversed, and the case is returned to the Malden District Court for trial.
So ordered.