Swan, J.
Ross Lay (“Lay”) commenced this summary process action against William H. Shaughnessy and five others[1] for possession of the property at 14 Osgood Street in Andover (“Premises”). At the expiration of a court-ordered stay of proceedings, Shaughnessy filed a motion for summary judgment. After hearing, the motion judge granted summary judgment for Lay, the nonmoving party. Shaughnessy filed this appeal.
Shaughnessy did not file an affidavit in support of his summary judgment motion. Lay, however, did file an opposing affidavit, and from it and court records included in the appendix, we summarize the facts. Shaughnessy owed approximately $165,408.00 in Federal income taxes. The Internal Revenue Service (“IRS”) successfully sought a grant of approval of levy upon the Premises from the United States District Court for the District of Massachusetts. The grant of approval was affirmed by the United States Court of Appeals for the First Circuit on June 19,2006. In accordance with the approval, the IRS conducted a public auction on December 13, 2007, and sold the Premises to Lay, the highest bidder, for $268,117.69. After the expiration of the 180-day redemption period, with no redemption by Shaughnessy, the IRS granted a deed to Lay for the bid price. Lay also paid $60,995.01 to the Winchester Cooperative Bank for the assignment of the mortgage it held on the Premises, and then obtained title insurance showing that he had clear and marketable title. After service of a notice to quit, Lay commenced this summary process action.
On a Mass. R. Civ. R, Rule 56, motion for summary judgment, the moving party must “show that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995), quoting Mass. R. Civ. R, Rule 56(c). The facts are viewed in the light most favorable to the nonmoving party. Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). However, once all of the Rule 56 materials are before the court, “[s]ummary judgment, when appropriate, may be rendered against the moving party.” Rule 56(c). See Thattil v. Dominican Sisters of Charity of the Presentation of *7 the Blessed Virgin, Inc., 415 Mass. 381, 385 (1993). In the words of the Reporter’s Notes to Rule 56, “This is eminently logical. Because by definition the moving party is always asserting that the case contains no factual issues, the court should have the power, no matter who initiates the motion, to award judgment to the party legally entitled to prevail on the undisputed facts” (emphasis in original).
Shaughnessy refutes none of the facts presented to the motion judge. The right of the IRS to seize and sell the Premises has already been resolved by the Federal courts, all in Lay’s favor. The levy on the Premises, a residence, was approved in accordance with the applicable statute, 26 U.S.C. §6334(a) (13) (B) (I) and (e) (1) (A) (principal residence not exempt from levy if approved by district court judge). The auction and sale were lawfully conducted, see 26 U.S.C. §§6331 and 6335, and no final conveyance was made to Lay until after the 180-day redemption period. See 26 U.S.C. §§6337 and 6338. Shaughnessy claims that he was protected by a declaration of homestead on the Premises. However, an estate of homestead is “exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies except in the following cases: (1) sale for taxes'1 (emphasis added). G.L.c. 188, §1. He argues also that this summary process action is precluded by the Land Court’s dismissals, in 2005 and 2006, of two complaints brought by the Winchester Cooperative Bank to foreclose its mortgage on the Premises. But such dismissals have no bearing on a subsequent IRS seizure and sale, or on the purchase of that mortgage by the new owner, whose sole purpose in doing so was to clear the title to the Premises. Finally, Shaughnessy asserts he was denied his right to a jury trial. It was he, however, who filed the motion for summary judgment, thus running the risk that summary judgment might be rendered against him. There being no genuine issue of material fact in dispute that would have required any trial, summary judgment was properly entered for Lay.
Judgment affirmed.
So ordered.

 John J. Shaughnessy, Marc H. Shaughnessy, Michael J. Shaughnessy, David M. Shaughnessy, and Erik Shaughnessy. The complaint was dismissed as to David and Erik Shaughnessy, and judgment for possession was entered against all of the remaining defendants. Only William H. Shaughnessy has appealed.