Per Curiam
The plaintiff, Consumer Product Distributors, Inc. (“Consumer Product”), commenced this action to recover damages for goods allegedly sold and delivered to the defendant, Ahmed Elseidy (“Elseidy”), and for Elseidy’s alleged unfair and deceptive acts in violation of G.L.c. 93A, §11. Elseidy has appealed the allowance of summary judgment in Consumer Product’s favor, arguing that the plaintiff’s own Mass. R. Civ. P, Rule 56 materials demonstrate that genuine issues of material fact exist in this case.
Consumer Product’s complaint sought, in counts 1 and 2, $5,285.28 for goods allegedly sold and delivered to Elseidy and interest on his unpaid account. In count 3 of its complaint, Consumer Product sought multiple damages under G.L.c. 93A, *270 §11. Elseidy’s answer denied all complaint allegations.
Consumer Product filed a motion for summary judgment or, in the alternative, partial summary judgment as to liability, supported in part by the affidavit of Judith Dube (“Dube”), its assistant director of accounts receivable. Dube averred that (1) Consumer Product had sold goods, totaling $5,285.28, to Elseidy; (2) Elseidy had made no payments; (3) the invoices Consumer Product had sent to Elseidy, to which he did not object, “set forth the terms of sale which obligate the defendant to pay interest in the amount of 18% per annum, all costs of collection, and reasonable attorney’s fees”; and (4) upon “information and belief,” Elseidy had violated G.L.c. 93A, §11 by purchasing goods without the ability to pay. Dube attached copies of the unpaid invoices to her affidavit.
Consumer Product also submitted with its summary judgment motion Elseidy’s responses to its first request for admissions. Elseidy did admit in those responses that he had received the goods referenced in the invoices, and that he had never objected to the terms set forth therein. Elseidy further responded, however, that he had purchased only $2,000.00 worth of goods; that the remaining goods for which Consumer Product sought payment had never been ordered, requested, or purchased by him; and that he had arranged with Consumer Product, through a Robert Suriel (“Suriel”), for return of the unordered goods.
Elseidy advanced no materials in opposition to summary judgment, and did not appear at the hearing on the motion.
The trial court allowed Consumer Product’s Rule 56 motion, doubled the damages it requested, and entered summary judgment in its favor in the amount of $11,082.63. Elseidy filed this appeal.
1. The summary judgment principles governing this appeal are well established. Consumer Product, as the moving party, had “the burden of affirmatively demonstrating that there [was] no genuine issue of fact on every relevant issue raised by the pleadings,” Mathers v. Midland-Ross Corp., 403 Mass. 688, 690 (1989), quoting Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982), and that it was entitled to judgment in its favor as a matter of law. Lay v. Shaughnessy, 2010 Mass. App. Div. 6, quoting Mass. R. Civ. P., Rule 56(c). ‘This affirmative burden may be met by the submission of pleadings, depositions, answers to interrogatories, admissions on file, affidavits or other competent documentary evidence which satisfies the requirements of Rule 56(e).” Cruickshank v. Commerce Ins. Co., 2004 Mass. App. Div. 103, 104. “Once that burden is met, the nonmoving party is to show, with admissible evidence, a dispute as to a material fact.” Fortenbacher v. Commonwealth, 72 Mass. App. Ct. 82, 85 (2008). Summary judgment “may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.” Locator Servs. Group, Ltd. v. Treasurer & Receiver Gen., 443 Mass. 837, 851 (2005), quoting Mass. R. Civ. P., Rule 56(c).
On counts 1 and 2 of its complaint, Consumer Product effectively established the absence of any triable issue on the following points: the existence of a business relationship between the parties, Elseidy’s purchase of goods from Consumer Product, and an outstanding indebtedness on Elseidy’s account with Consumer Product. Elseidy advanced no materials in opposition. Summary judgment on liability was proper, therefore, on those two complaint counts.
As to damages, however, Consumer Product’s own summary judgment materials *271 showed that a factual issue remained as to the extent of Elseidy’s liability. As Elseidy contends, his responses to Consumer Product’s first request for admissions, offered by Consumer Product itself in support of its motion, indicated that he had purchased only $2,000.00 worth of goods, and had made arrangements with Suriel for Consumer Product's collection of all the unwanted and unordered goods sent by Consumer Product. Those assertions as to the amount of goods actually ordered, and the return of those that were not, raised a genuine issue of material fact on damages. There is no merit in Consumer Product’s contention that Elseidy waived any factual question of damages by failing to file an opposition to its summary judgment motion, or to appear at the hearing. The burden to advance specific facts identifying triable issues does not shift to the nonmoving party until the summary judgment movant has first demonstrated the absence of any factual dispute and its entitlement to judgment as a matter of law. See Berrios v. Perchik, 20 Mass. App. Ct. 930 (1985); Cruickshank, supra at 104. As noted, Consumer Product failed to satisfy its burden, as the summary judgment moving party, on the issue of damages.
2. Given Elseidy’s responses to requests for admissions, summary judgment was also improperly allowed on count 3 of Consumer Product’s complaint for G.Lc. 93A, §11 damages.
There is nothing in Consumer Product’s Rule 56 materials to support its claim of a G.L.c. 93A §11 violation by Elseidy beyond its bald allegation of the same in its unsworn complaint, which Elseidy denied, and a conclusory averment by Dube based on nothing more than her “information and belief.”[4] It is by now axiomatic that not only opposing, but also supporting, affidavits must, pursuant to Rule 56(e), “be based on personal knowledge, set forth facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify on the matters stated therein.” Sher v. Desmond, 70 Mass. App. Ct. 270, 278 (2007). “All affidavits or portions thereof made on information and belief, as opposed to personal knowledge, are to be disregarded in considering a motion for summary judgment.” Billings v. GTFM, LLC, 449 Mass. 281, 295 (2007), quoting Shapiro Equip. Corp. v. Morris & Son Constr. Corp., 369 Mass. 968 (1976). See Boehm v. Arbella Mut. Ins. Co., 2003 Mass. App. Div. 115, 188.
Deficient and improper affidavits, however, are not always properly disregarded. And in the absence of an objection or motion to strike by Elseidy in this case, it was not reversible error for the motion judge to have considered Dube’s inadequate and inadmissible speculation. Patsos v. First Albany Corp., 433 Mass. 323, 324 n.2 (2001). But that speculation that Elseidy failed to pay the full account balance alleged by Consumer Product because he never intended or had the ability to pay for the goods he ordered was effectively rebutted, for summary judgment purposes, by Elseidy’s *272 answers to Consumer Products requests for admissions. As noted, Elseidy responded that he had never ordered all of the goods for which Consumer Product now endeavors to charge him, and that Consumer Product, through Suriel, had agreed to collect the unordered goods. At the very least, there is a genuine issue of material fact requiring a trial on the merits of what, at this juncture, appears to be a very-questionable G.L.c. 93A, §11 claim by Consumer Product. Summary judgment should have been denied.
Accordingly, the judgment entered for Consumer Product is vacated. The allowance of summary judgment in favor of Consumer Product is allowed as to liability only, and on counts 1 and 2 only. The allowance of summary judgment on count 3 is vacated. The action is returned to the Cambridge Division of the District Court Department for a hearing on the assessment of damages on counts 1 and 2, and for trial on count 3.
So ordered.

 Endeavoring to characterize Elseidy’s simple breach of contract as conduct actionable under the more demanding requirements for a G.Lc. 93A, §11 business-to-business claim, Dube asserted that Elseidy “by its [sic] actions and inactions has knowingly and/or willfully committed an unfair and deceptive trade act or practice in violation of M.G.Lc. 93A Sections 2 and 11 by, on information and belief, either purchasing goods without the intent to pay for same or purchasing said goods and materials without the ability to pay for same.”