Swan, J.
Diane Anzalone (“Anzalone”) claimed to have sustained neck, back, and shoulder injuries in an automobile accident on December 28, 2005. The vehicle in which she was a passenger was insured by The Premier Insurance Company of Massachusetts (“Premier”). She sued Premier for breach of contract for failure to make medical payments (“MedPay”) under the insurance policy, as well as for violations of G.L.c. 93A and c. 176D arising from that failure. Premier moved successfully for summary judgment, and Anzalone appealed.
We view the evidence in the light most favorable to Anzalone, the nonmoving party. Williams v. Hartman, 413 Mass. 398, 401 (1992). Premier had issued a standard Massachusetts automobile insurance policy that, among other things, provided $8,000.00 in personal injury protection (“PIP”) benefits and $10,000.00 in MedPay. In March, 2006, Premier issued two PIP benefit checks, totaling $2,000.00, to two chiropractic providers for services rendered to Anzalone in January and February, 2006. No further PIP payments were made because, under G.L.c. 90, §34A, Anzalone had a health insurance policy with Blue Cross Blue Shield of Massachusetts (“Blue Cross”) for medical expenses in excess of $2,000.00.[1] On March 20, 2006, Anzalone underwent an independent medical examination (“IME”) with a chiropractor, who reported in writing that while the chiropractic treatment Anzalone had received was “causally related to this point,” she had reached an end result. Reviewing Anzalone’s medical records in June 30, 2009, an orthopedic surgeon wrote an opinion that her treatment was “not reasonable or necessary, or related to the motor vehicle accident of 12/28/2005.” One of Anzalone’s chiropractic providers, Danubio Chiropractic Offices, sued Premier for additional PIP benefits not paid by Blue Cross; Premier settled the suit for $3,200.00. In summary, Premier has made PIP payments totaling *221 $5,200.00 and has not exhausted the $8,000.00 in available PIP benefits. Premier has received no other medical bills that were not paid by either Premier or Blue Cross.
Anzalone commenced this action to recover MedPay under the same policy for medical bills over $2,000.00. During the course of pretrial discovery, Premier served Anzalone with a request for admissions pursuant to Mass. R. Civ. R, Rule 36. Request number 11 stated: “The plaintiff [Anzalone] assigned to [sic] her Personal Injury Protection (PIP) benefits and her Medical Payments (Med Pay) benefits with the defendant [Premier] to the medical providers that treated her following the December 28, 2005 motor vehicle accident.” To that request, Anzalone answered, under oath, “Admit.”
Premier moved for summary judgment on the following three grounds: (1) PIP benefits not having been exhausted, Anzalone was not entitled to a double recovery from MedPay; (2) the medical bills for which she sought reimbursement were not “reasonable, necessary and/or causally related to the accident”; and (3) she was not entitled to MedPay because she had assigned her rights to the treating medical providers. Premier supported its motion with an affidavit of its claims representative and court pleadings. Anzalone filed no counter affidavit.[2] The court below allowed the motion without designating the grounds.
“The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law. Mass. R. Civ. E, Rule 56(c), 365 Mass. 824 (1974). See Yakubowicz v. Paramount Pictures Corp., 404 Mass. 624, 626 (1989); Leavitt v. Mizner, 404 Mass. 81, 88 (1989); Pederson v. Time, Inc,, 404 Mass. 14, 16-17 (1989). We may consider any ground supporting the judgment Champagne v. Commissioner of Correction, 395 Mass. 382, 386 (1985).”Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). As Anzalone’s counsel agreed at oral argument, the lack of a genuine issue of material fact on any one of the three points presented to the trial court would entitle Premier to summary judgment.
We thus address the last point cited — Anzalone’s assignment of her MedPay rights. By making an assignment, a “patient wants to be removed from the collection process as soon and as fully as possible. The transfer of rights puts the claim in the hands of an experienced health care provider which is more likely to know and to protect the patient’s interests than the patient alone could.” Knight v. Middlesex Ins. Co., 2002 Mass. App. Div. 201, 202, quoting City of Boston v. Aetna Life Ins. Co., 399 Mass. 569, 572-573 (1987). The transfer of rights thereafter deprives the transferor of the right to sue for benefits. See Friedburg v. Jablon, 287 Mass. 510, 513 (1934). “A valid assignment may be made by any words or acts which fairly indicate an intention to make the assignee owner of a claim.” City of Boston, supra at 572, quoting Cosmopolitan Trust Co. v. Leonard Watch Co., 249 *222 Mass. 14, 19 (1924). In this case, we need not interpret any words or acts since Anzalone, without equivocation, admitted to making an assignment.[3] As this admission was established by Premier, the burden shifted to Anzalone “by affidavits or as otherwise provided in this rule, [to] set forth specific facts showing that there [was] a genuine issue for trial.” Mass. R. Civ. R, Rule 56(e). She did not do so.
Summary judgment for Premier was properly entered on Anzalone’s MedPay claim. Because Anzalone had no right to MedPay, her G.L.c. 93A and c. 176D claims failed as well.
Having ruled on one “ground supporting the judgment,” Augat, Inc., supra at 120, we have no need to consider the other two grounds addressed on this appeal.[4]
Judgment affirmed.
So ordered.

 General Laws c. 90, §34A states in relevant part that PIP “provisions shall not provide for payment of more than two thousand dollars of expenses incurred within two years from the date of accident for medical, surgical X-ray and dental services ... if, and to the extent that, such expenses have been or will be compensated, paid or indemnified pursuant to any policy of health, sickness or disability insurance.”

 Anzalone did file a memorandum in opposition to the motion, to which were attached a series of documents purporting to relate to her Blue Cross policy and Blue Cross’ apparent lien. The documents being unauthenticated by an affidavit or otherwise, the trial court struck them on Premier’s motion. Anzalone asserts no error in the court’s ruling, and we do not consider the documents.

 The assignment was presumably effective, given that Danubio Chiropractic Offices sued Premier for PIP benefits, and Premier paid them.

 To wit, the question of the causal relationship between the accident and chiropractic care in light of the apparent factual discrepancy between the IME and the medical records review relating to causality (where the MedPay provision (Part 6) of the insurance policy obligated Premier to “pay reasonable expenses for necessary medical ... services incurred as a result of an accident”), and the issue of double recovery of benefits (“Only if [health insurance and] PIP benefits were not payable ... would [MedPay] come into play.” Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 228 (2011), quoting Mejia v. American Cas. Co., 55 Mass. App. Ct. 461, 466 (2002)).