Crane, J.
The defendant, city of Haverhill (“City”), appeals from the trial court’s decisions granting the plaintiff, Daniel Chansky (“Chansky”), summary judgment awarding damages and declaratory judgment.
1. Factual background. Chansky owns land in Haverhill on Wingate Street (“the Property”). It is near land owned by the City on Granite Street. The City has built a parking garage on its land. Before the City acquired its land, it had been used by businesses that provided automobile repair services for many years. Years before this dispute, the Massachusetts Department of Environmental Protection (“DEP”) identified the City’s land as a hazardous materials disposal site. In May, 2009, the City and Chansky entered into a written contract entitled “Access to Property Agreement” (“APA”) that authorized the City to drill and conduct other activities on the Property to monitor the quality of the groundwater for any contaminants.
The APA contained a provision for the City to indemnify Chansky under certain circumstances. Paragraph 8 of the AP A states in pertinent part:
The City hereby agrees to indemnify, hold harmless and defend Daniel I. Chansky, and its respective affiliates ... from and against all claims, liabilities, demands, ... administrative or regulatory orders, penalties, costs and expenses arising out of or resulting from the actions or omissions of the City, City’s agents, employees, consultants... or contractors (collectively, for this purpose, ‘the City’) in connection with or in the exercise of the City’s access hereunder (‘Claims’), except to the extent that such Claims arise from the negligence or willful misconduct of Darnel I. Chansky. The City shall, at its sole cost and expense, defend any and all actions at law brought against Daniel I. Chansky based upon and arising out of the City’s conduct or actions in connection with or in the exercise of the City’s access hereunder and shall pay all reasonable attorneys fees and all other reasonable expenses and promptly discharge any judgments arising therefrom (emphasis added).
*? On August 11, 2010, the City’s agent notified Chansky that it had detected oil in the groundwater on the Property during the course of testing that was authorized by the APA It also informed Chansky that the DEP must be notified and that Chansky would be required to conduct certain monitoring activities. By letter dated September 14,2010, the DEP notified Chansky of these requirements.
2. Procedural background. Chansky commenced this action on February 26,2013, seeking expenses he incurred for monitoring services required by the DEP that were incurred in 2012 to date and for a declaratory judgment about future expenses he might incur that could be covered by the indemnification provision. Before this action was commenced, the current parties had settled another action that was pending between them in which Chansky sought damages for the cost of similar monitoring services that were provided in 2010 and 2011. On October 18, 2011, the current plaintiff executed and delivered a “Release and Settlement Agreement” (“Release”) running to the City for payment of $5,725.00 in connection with that settlement.
On July 15,2013, the first motion judge allowed Chansky’s motion for partial summary judgment on liability only, without explanation. The City opposed this motion upon the grounds that (1) the damages Chansky sought were not covered by the terms of the indemnification provision; and (2) the Release that Chansky delivered in connection with settlement of the action brought by Chansky relinquished any additional liability of the City under the indemnification provision. On October 25, 2013, the second motion judge allowed Chansky’s motion for summary judgment and awarded damages in the amount of $11,314.00. On December 6, 2013, the second motion judge entered a declaration that the City is liable to indemnify Chansky for amounts Chansky becomes obligated to pay in the future due to compliance with DEP orders that arise out of or resulting from the acts or omissions of the City or its agents in connection with or in the exercise of the City’s access under the APA except to the extent that such amounts arise from the negligence or wilful misconduct of Chansky. The City also opposed any award of damages and the entry of any declaration for the same reasons. The City now appeals these decisions.
On appeal, the City asserts error because (1) Chansky did not show any connection between the damages he sought to recover and the terms of the indemnification agreement; (2) the scope of the indemnification clause does not include Chansky’s claim for testing and monitoring costs; (3) Chansky released his claims in connection with a settlement of the earlier suit against the City; and (4) the City cannot be held liable for Chansky’s future testing costs by the court’s declaration concerning liability for them.
3. Discussion. “The summary judgment principles governing this appeal are well established. [Chansky], as the moving party, had ‘the burden of affirmatively demonstrating that there [was] no genuine issue of fact on every relevant issue raised by the pleadings,’ Mathers v. Midland-Ross Corp., 403 Mass. 688, 690 (1989), quoting Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982), and that it was entitled to judgment in its favor as a matter of law. Lay v. Shaughnessy, 2010 Mass. App. Div. 6, quoting Mass. R. Civ. P., Rule 56(c). This affirmative burden may be met by the submission of pleadings, depositions, answers to interrogatories, admissions on file, affidavits or other competent documentary evidence which satisfies the requirements of Rule 56(e).’ Cruickshank v. Commerce Ins. Co., 2004 Mass. App. Div. 103, 104. ‘Once that burden is met, the nonmoving party is to show, with admissible evidence, a dispute *78 as to a material fact.’ Fortenbacher v. Commonwealth, 72 Mass. App. Ct. 82, 85 (2008).” Consumer Prod. Distribs., Inc. v. Elseidy, 2010 Mass. App. Div. 269, 270.
The City contends that Chansky’s affidavit was not sufficient to support the partial summary judgment for liability only. Chansky’s affidavit recites that the defendant or its counsel prepared the APA, not Chansky, and that Chansky did not use any oil in heating or maintaining any building on the Property. The City’s counter affidavit describes the circumstance of the Release that the City claims extinguishes Chansky’s claims in this action.
The City is correct that this affidavit alone is inadequate to support a partial summary judgment on liability only, since Chansky’s affidavit contains no information about whether the City or its agents went on the property pursuant to the APA, whether the order of the DEP to monitor the plaintiffs property arose from any acts or omissions of the agents or servants of the City, and whether Chansky incurred any expenses that might be subject to indemnification. However, we do not end our inquiry there. Chansky went on to submit an affidavit from John H. Clement (“Clement”), the licensed driller Chansky engaged to represent his interests at his Property. His affidavit describes the historic condition of the groundwater on the Chansky property; the conditions he found after the City’s contractors and consultants were on the property; that those conditions arose from the acts or omissions of the City, without further explanation; the nature of the work that his firm performed to monitor the conditions to comply with the DEP order; and that the fair and reasonable charge for these services was $11,314.00. The second motion judge had the Clement affidavit when she entered summary judgment on damages.
The City did not offer any counter affidavit to the assertions in Clement’s affidavit It did not assert that any of the facts in Clements affidavit were in dispute until it submitted a motion to strike certain paragraphs of that affidavit. It only submitted that motion in October, 2013. The second motion judge denied that motion on December 6,2013 in connection with granting the motion for declaratory judgment. The City has not challenged the ruling on the motion to strike on appeal, and we do not consider it
The defendant also contends that the terms of the indemnification provision of the APA do not cover Chansky’s claims for consulting fees. This is based upon the purpose recited in the APA, to permit the defendant to conduct monitoring for pollutants such as oil on Chansky’s property; the presence of the provisions for insurance indemnifying Chansky for any personal injury or property damage in paragraph 7 of the APA; and since the consulting fees are not the result of personal injury or property damage, they are not covered by the indemnification provision.
“If a contract... is unambiguous, its interpretation is a question of law that is appropriate for a judge to decide on summary judgment.... Where, however, the contract... has terms that are ambiguous, uncertain, or equivocal in meaning,” the intent of the parties may depend on disputed facts requiring a trial. Seaco Ins. Co. v. Barbosa, 435 Mass. 772, 779 (2002). The words, “arising out of or resulting from the actions or omissions of the City,” are ambiguous here. They can be read to mean either that the costs of monitoring or remediating the contamination should be paid by the City because it came on the Property under the APA and discovered the contamination and otherwise Chansky would not have incurred the costs, or they can be read to mean that the City had to indemnify only if it were discovered that it actually caused the contamination or other damage to the property when it was doing the drilling and monitoring. Terms are ambiguous when they are susceptible of more than one meaning and reasonably intel *79 ligent people would differ as to which meaning was the proper one. Citation Ins. Co. v. Gomez, 426 Mass. 379, 381 (1998). The fact that the City drafted the terms of the APA may be considered along with other extrinsic evidence to interpret this provision and resolve this ambiguity against the City. However, this is a rule of construction that does not require that the ambiguity be resolved against the City as a matter of law. Affiliated FM Ins. Co. v. Constitution Reinsurance Corp., 416 Mass. 839, 844-845 (1994).
Consequently, summary judgment was inappropriate and the judgment for liability and damages is reversed and the declaratory judgment is vacated, and the matter is returned for trial. We do not need to reach the issue of whether Chansky released his claims in this matter and leave that to the trial court to address depending upon its interpretation of the indemnification provision after it considers any extrinsic evidence.[2]
So ordered.

 Chansky argues that because the amount of the consulting fees he would incur in 2012 and 2013, and which were awarded in this action, were unknown, this language limits the general nature of the Release. However, when Chansky executed and delivered the Release, the parties likely knew that Chansky would incur ongoing monitoring expenses to comply with the DEP order. (Paragraph 24 of the Clement affidavit refers to a charge for developing a proposal for monitoring for five years.)
Furthermore, there is nothing in the Clement affidavit or elsewhere that the City or its agents exercised access to the Property after the date of the Release and that any of the expenses Chansky incurred arose from conduct by the City or its agents in exercising access to Property after that date. Unless Chansky establishes that the damages described in the Clement affidavit arose from access to the Property by the City or its agents after October 18,2011, the date of the Release, the limitation in the Release does not apply, and the defendant is entitled to summary judgment because of the Release.