Crane, J.
This is an appeal from a summary judgment entered for the defendant, Allstate Insurance Company (“Allstate”), against the plaintiff, a health care provider seeking recovery of personal injury protection (“PIP”) benefits. The plaintiff’s claims were for breach of contract, violation of G.L.c. 90, §34M, and separate counts for violation of the consumer protection act, G.L.c. 93A, §11, and G.L.c. 176D. The lower court entered summary judgment for the defendant on all of these counts without stating any reason.
1. Procedural history. Before the trial court, the defendant argued that the plaintiffs claims were extinguished by a release that the patient delivered to the defendant in connection with the settlement of his claims for benefits for uninsured motorist coverage arising from the same accident. It also argued that it was entitled to rely upon the representations in the release that recited that all health care providers including the plaintiff had been paid. Last, the defendant argued that any additional payment of PIP benefits to the plaintiff would be duplicative because payment of any PIP benefits would produce a duplicate recovery after the defendant paid the patient uninsured motorist benefits.
The plaintiff asserted that the patient did not have authority to release the claims for PIP benefits because the patient assigned the right to collect them to the plaintiff and that the defendant was on notice of the assignment It also argued that the terms of the release specifically applied only to uninsured motorist benefits and did not include or refer to the PIP benefits claimed here.
2. Facts. On May 28, 2011, Rafael Jimenez, the patient was allegedly injured in a motor vehicle accident in Lawrence, Massachusetts. Between June 1 and August 5, 2011, the plaintiff provided treatment to the patient for these injuries. The defendant covered the patient for PIP benefits under a Massachusetts automobile insurance policy for this accident. The defendant paid PIP benefits of $2,720.00 to health care providers for services provided to the patient The affidavits submitted to the motion judge did not include any information about whether any money was paid to the plaintiff for PIP benefits, and what amount, if any, is currently claimed to be due and owing to the plaintiff.
On July 8,2012, the defendant obtained an independent medical review from another chiropractor concerning the services the plaintiff provided to the patient. There was nothing in the record presented to the motion judge about the results of the review. Further, other than the purported release, there was nothing in the record about any *159 reason the defendant gave for declining to pay any amount that the plaintiff claimed to be due to it for services to the patient
On June 1,2011, the patient executed an assignment of his PIP benefits to the plaintiff and authorized the plaintiff to seek payment from the defendant directly for any treatment that the plaintiff rendered to him for his injuries in the accident On August 22,2011, the plaintiff mailed a copy of the assignment to the defendant
On August28,2013, the patient executed and delivered a document entitled, “Receipt, Release and Trust Agreement Uninsured Motorist Insurance - Coverage” (“Release”) to the defendant in connection with settlement of the patients claims for uninsured motorist benefits arising from the same accident In pertinent part, the Release states:
[T]he undersigned [patient] hereby forever releases and discharges Allstate Insurance Company from any and all liability and from any and all contractual obligations whatsoever under the coverage designated above of Policy No. ###### issued to RAFAEL JIMENEZ by Allstate Insurance Company and arising out of bodily injury sustained by RAFAEL JIMENEZ due to an accident on or about the 28th day of 05,2,011 [sic].
In the Release, the patient warranted that he had disclosed any unpaid bills from any health care provider arising from the accident. The patient did not disclose to the defendant that any charges for services performed by the plaintiff were unpaid. The patient also agreed to hold the defendant harmless and indemnify it from any claims for services by any unpaid health care provider and to hold any funds from the settlement in trust for payment to any such provider. The Release also contained other provisions that are not relevant to the matters in dispute here. By its terms, the Release did not exclude or allocate any specific amounts for PIP benefits or make any mention of PIP benefits or uninsured motorist coverage other than in the title. The defendant paid the patient $3,000.00 upon delivery of the Release.
3. Standard of review. ‘The summary judgment principles governing this appeal are well established. [Allstate], as the moving party, had ‘the burden of affirmatively demonstrating that there [was] no genuine issue of fact on every relevant issue raised by the pleadings,’ Mathers v. Midland-Ross Corp., 403 Mass. 688, 690 (1989), quoting Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982), and that it was entitled to judgment in its favor as a matter of law. Lay v. Shaughnessy, 2010 Mass. App. Div. 6, quoting Mass. R. Civ. P., Rule 56(c). This affirmative burden may be met by the submission of pleadings, depositions, answers to interrogatories, admissions on file, affidavits or other competent documentary evidence which satisfies the requirements of Rule 56 (e).’ Cruickshank v. Commerce Ins. Co., 2004 Mass. App. Div. 103, 104. ‘Once that burden is met, the nonmoving party is to show, with admissible evidence, a dispute as to a material fact.’ Fortenbacher v. Commonwealth, 72 Mass. App. Ct. 82, 85 (2008).” Consumer Prod. Distribs., Inc. v. Elseidy, 2010 Mass. App. Div. 269, 270.
4. Discussion. The patient did not have authority to release the claims because of the assignment that the plaintiff asserts here. See Friedberg v. Jablon, 287 Mass. 510, 513 (1934); Knight v. Middlesex Ins. Co., 2002 Mass. App. Div. 201, 202-203; Galena v. Commerce Ins. Co., 2001 Mass. App. Div. 222, 223. The undisputed affidavit of Rhonda Gingras, director of the plaintiffs billing company, states that the plaintiff mailed the patient’s assignment of the claim for PIP benefits to the defendant on August 22, 2011. *160 The defendant did not produce any affidavit that contested the assertion that it was on notice of the assignment Therefore, the defendant was not entitled to summary judgment on the counts for breach of contract and violation of G.L.c. 90, §34M.
The defendant argues that the patient made various representations in the Release that were false concerning the existence of claims by health care providers like the plaintiff and that any such providers would be paid from the proceeds of the uninsured motorist benefits. Any recourse that the defendant has for these is against the patient, and this does not affect or release the plaintiffs claims.
The defendant’s argument that a release of uninsured motorist benefits includes PIP benefits also fails. The Release was not general, as the defendant argues. Leblanc v. Friedman, 438 Mass. 592, 597-598 (2003). It was specific to uninsured motorist benefits. Once again, even if PIP benefits were subsumed by uninsured motorist coverage, the patient could not release them. Even if the PIP benefits had not been assigned, the Release by its terms did not mention PIP benefits. The plaintiff remained an unpaid party entitled to pursue payment for services rendered to the patient for injuries allegedly caused by this accident. Galena, supra at 225-226.
The affidavit of Kathy Bleier (“Bleier”), an adjuster for the defendant, describes the investigation and handling of the plaintiff’s claim by the defendant. The plaintiff failed to provide any affidavit or other properly authenticated documents or pleadings that dispute in any manner her description of the defendants response and decisions in handling the plaintiff’s claims.
The Bleier affidavit states that Allstate obtained a recorded statement from the patient, a copy of the police report, bills and treatment records from other health care providers, a review of the plaintiff’s treatment of the patient prepared by another chiropractor, and that Allstate paid $2,720.00 to various health care providers. The affidavit recites that Allstate relied upon the independent review, but it did not provide a copy of it or recite any reason for declining to pay the plaintiff other than the Release. The plaintiff, nonmoving party, has the burden of proof at trial on the claims under G.L.c. 93A and G.L.c. 176D. The defendant has failed to identify any essential element of those claims that the plaintiff has no reasonable expectation of proving. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 712-716 (1991). On this record, the defendant was not entitled to summary judgment on these claims as well.
The allowance of summary judgment for the defendant, Allstate Insurance Company, is vacated. This case is returned to the Lawrence District Court for trial.
So ordered.